### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY<br>6200 South Gilmore Road<br>Fairfield, Ohio 45014 | : : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO. |
| PPL CORPORATION<br>2 North Ninth Street<br>Allentown, Pennsylvania 18101 | : : : : | |
| and | : : | |
| PPL ELECTRIC UTILITIES CORPORATION<br>2 North Ninth Street<br>Allentown, Pennsylvania 18101 | : : : : : | |
| and | : : | |
| PPL ENERGYPLUS, LLC<br>2 North Ninth Street<br>Allentown, Pennsylvania 18101 | : : : : | |
| Defendants. | : : | |

## **COMPLAINT**

PLAINTIFF, The Cincinnati Insurance Company, by and through its undersigned attorneys, states by way of Complaint against the defendants, PPL Corporation, PPL Energy Utilities Corporation and PPL Energyplus, LLC as follows:

## PARTIES

1. Plaintiff, The Cincinnati Insurance Company, (hereinafter "Cincinnati"), is a corporation organized and existing under the laws of the State of Ohio with a principal place of business located at 6200 South Gilmore Road, Fairfield, Ohio 45014.

2. Defendant, PPL Corporation (hereinafter "PPL"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2 North Ninth Street in Allentown, Pennsylvania 18101.

3. Defendant, PPL Electric Utilities Corporation (hereinafter "PPL Electric"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2 North Ninth Street in Allentown, Pennsylvania 18101.

4. Defendant, PPL Energyplus, LLC (hereinafter "PPL Energyplus"), is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2 North Ninth Street in Allentown, Pennsylvania 18101.

## JURISDICTION

5. This action is commenced in the United States District Court for the Eastern Pennsylvania pursuant to 28 U.S.C. §1332, as there is diversity of citizenship between the plaintiff and the defendants.

6. Furthermore, the amount in controversy, exclusive of interest and costs is in excess of $75,000.00.

**VENUE**

7.      This action is properly venued in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) as the defendants reside within the Eastern District of Pennsylvania and a substantial part of the events and omissions which give rise to this action occurred within the Eastern District of Pennsylvania.

**FACTUAL BACKGROUND**

8.      Plaintiff's insured, Wright Veterinary Medical Center, P.C. (hereinafter "Wright") is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

9.      At all times relevant hereto, Wright operated a veterinary medical center at 3247 Wimmer Road in Bethlehem, Pennsylvania.

10.     Plaintiff insured Wright, the building it occupied, and Wright's business property and business interests against loss pursuant to a policy of insurance, Policy Number 05EBP0028445 (hereinafter the "Policy").

11.     At all times relevant hereto, Wright contracted with the defendants to supply electrical power to Wright's facility.

12.     The defendants installed, tested, serviced, repaired, maintained, owned and operated the electric service lines, transformers and equipment which supplied electric power to plaintiff's insured.

13.     On September 29, 2008, Wright's facility experienced an electrical surge, fluctuation and/or other electrical supply malfunction that caused a fire and other extensive damages to Wright's building and business property and further resulted in business interruption losses.

14. The September 29, 2008 incident at Wright's facility was caused by a malfunction of a transformer that governed the supply of electricity to Wright's facility. The transformer in question was installed, serviced, maintained, tested, repaired and inspected by the defendants, PPL, PPL Electric and PPL Energyplus.

15. As a direct and proximate result of the September 29, 2008 incident that occurred at Wright's facility, plaintiff's insured sustained damages to its building and business property and sustained extra expenses, business interruption and lost profits.

16. As a result of the September 29, 2008 incident, and pursuant to the terms and conditions of the Policy, plaintiff, Cincinnati, made payments to its insured in the amount of $805,559.08.

17. As a result of the payments it made to its insured, and pursuant to the terms and conditions of the Policy, plaintiff, Cincinnati is legally, equitably and contractually subrogated to the rights of its insured to the extent of the payments it made to its insured.

## COUNT I – NEGLIGENCE
**Cincinnati v. PPL, PPL Electric and PPL Energyplus**

18. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein at length.

19. At all times relevant hereto, defendants, PPL, PPL Electric and PPL Energyplus acted through their duly authorized agents, servants, employees, workmen, contractors and/or representatives and are therefore vicariously liable for their actions.

20. Defendants, PPL, PPL Electric and PPL Energyplus had a duty to design, install, inspect, maintain, test, repair, secure and service their electrical service lines, transformers and equipment which supplied power to plaintiff's insured in a manner consistent with the standard of care in their industry so as not to cause damage to persons and property.

21.     The defendants violated the duty they owed to plaintiff's insured by failing to install, inspect, maintain, test, repair and service their electrical lines, transformers and equipment in a reasonable and safe manner and by failing to otherwise provide safe and usable power to plaintiff's insured.

22.     As a direct and proximate result of the defendants' negligence, carelessness and negligent acts and omissions, plaintiff's insured suffered substantial damages for which it was compensated by plaintiff, Cincinnati.

23.     As a result of the September 29, 2008 incident and the payments it made to its insured pursuant to the terms and conditions of the Policy, plaintiff is legally, equitably and contractually subrogated to the rights of its insured.

WHEREFORE, plaintiff, The Cincinnati Insurance Company, demands judgment in its favor and against the defendants, PPL Corporation, PPL Electric Utilities Corporation and PPL Energyplus, LLC on Count I of the Complaint jointly, severally and in the alternative for compensatory damages, interest, costs of suit and such other relief as this Court deems just and proper under the circumstances.

## COUNT II – STRICT LIABLITY
### Cincinnati v. PPL Corporation, PPL Electric and PPL Energyplus

24.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as if fully set forth herein at length.

25.     Defendants, PPL Corporation, PPL Electric and PPL Energyplus sold electricity to plaintiff's insured, Wright, in a defective and unreasonably dangerous condition.

26.     At all times relevant hereto, the electricity which caused the fire and other property damage on September 29, 2008, was transmitted to plaintiff's insured, through the electric meter, for use by Wright only.

5

27.     The fire and other property damage that occurred on September 29, 2008 at Wright's facility were caused by and/or exacerbated by and resulted from the following acts and omissions by the defendants for which the defendants are strictly liable pursuant to Section 402(a) of the Restatement (Second) of Torts:

    a.     Selling electricity in a defective condition;

    b.     Selling electricity in an unreasonably dangerous condition;

    c.     Failing to provide adequate and sufficient warnings as to the defective and dangerous condition of the electricity;

    d.     Failing to give adequate and sufficient instructions to individuals whom the defendants knew or should have known would be using the defective and unreasonably dangerous electricity thereby subjecting Wright's property to an unreasonable risk of harm; and

    e.     Failing to properly inspect and correct the defective condition which existed in the electric services lines, transformers and other equipment providing power to Wright's facility thereby creating an unreasonable risk of harm.

28.     The dangerous and defective power sold by the defendants to plaintiff's insured was the direct and proximate cause of the September 29, 2008 incident and the losses suffered by plaintiff's insured.

29.     As a result of the September 29, 2008 incident and the payments it made to its insured pursuant to the terms and conditions of the Policy, the plaintiff is legally, equitably and contractually subrogated to the rights of its insured.

WHEREFORE, plaintiff, The Cincinnati Insurance Company, demands judgment in its favor and against the defendants, PPL Corporation, PPL Electric Utilities Corporation and PPL Energyplus, LLC on Count II of the Complaint jointly, severally and in the alternative for

compensatory damages, interest, costs of suit and such other relief as this Court deems just and proper under the circumstances.

## COUNT III – BREACH OF CONTRACT
### Cincinnati v. PPL Electric and PPL Energyplus

30. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 29 of this Complaint as if fully set forth herein at length.

31. Prior to September 29, 2008, plaintiff's insured entered into a contract with the defendants for the provision of electrical power to the veterinary medical facility located at 3247 Wimmer Road in Bethlehem, Pennsylvania.

32. An express or implied term of the contract between plaintiff's insured and the defendants required that the defendants would design, install, maintain, repair, and service their service lines, transformers and other equipment in accordance with all applicable codes, general standards and practices of the trade and industry and that the electric transmission equipment would be designed, installed, repaired, serviced, inspected and/ or maintained in a good and workmanlike manner by individuals who were skilled and qualified for such work.

33. Also, an express and/or implied term of the contract between plaintiff's insured and defendants was that the defendants would provide safe, reasonable and usable power to Wright's facility.

34. Plaintiff's insured performed all required conditions precedent.

35. The defendants breached their contract with plaintiff's insured by designing, installing, maintaining, repairing, servicing and inspecting their electrical transmission equipment in a negligent and unreasonable manner.

36. The defendants further breached their contract with plaintiff's insured by providing electric power in an unsafe, unreasonable and unusable condition thereby resulting in the September 29, 2008 incident which damaged plaintiff's insured's property and business interests.

37. As a direct and proximate result of the defendants' breach of contract, plaintiff's insured suffered damages as described above for which it was compensated by the plaintiff.

38. As a result of the payments it made to its insured and pursuant to the terms and conditions of the Policy, Cincinnati is legally, equitably and contractually subrogated to the rights of its insured to the extent of its payments.

WHEREFORE, plaintiff, The Cincinnati Insurance Company, demands judgment in its favor and against the defendants, PPL Corporation, PPL Electric Utilities Corporation and PPL Energyplus, LLC on Count III of the Complaint jointly, severally and in the alternative for compensatory damages, interest, costs of suit and such other relief as this Court deems just and proper under the circumstances.

LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Dated:  September 22, 2010

　　　　/s/ Thomas J. Underwood, Jr. (TJU9331)
THOMAS J. UNDERWOOD, JR., ESQ. (TJU9331)
20 East Taunton Road
Suite 403
Berlin, New Jersey 08009
(856) 767-6800
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, The Cincinnati Insurance Company, hereby demands a trial by jury as to all issues.

                                LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Dated: September 22, 2010            /s/ Thomas J. Underwood, Jr. (TJU9331)
                                          THOMAS J. UNDERWOOD, JR., ESQ. (TJU9331)
                                          20 East Taunton Road
                                          Suite 403
                                          Berlin, New Jersey 08009
                                          (856) 767-6800
                                          Attorneys for Plaintiff